**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:20-CR-00141- |
| | § | SDJ-BD |
| LAQUINTON JAVON NASH (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Laquinton Javon Nash's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on April 16, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto. The Government was represented by Eric Erlandson.

Defendant was sentenced on June 7, 2023, before The Honorable Sean D. Jordan of the Eastern District of Texas after pleading guilty before a U.S. Magistrate Judge, which was accepted by the Court, to the offense of Interference with Commerce by Robbery, and Aiding, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of I, was 46 to 57 months. Defendant was subsequently sentenced to 46 months imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, credit restrictions, alcohol abstinence, substance abuse testing and treatment, mental health treatment, acquiring a high school equivalency certificate, and a $100 special assessment. On October 8, 2024, Defendant completed his period of imprisonment and began service of the supervision term.

REPORT AND RECOMMENDATION – Page 1

On February 24, 2026, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #260, Sealed). The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; (2) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; (3) <u>Mandatory Condition</u> Defendant must refrain from any unlawful use of a controlled substance; (4) <u>Standard Condition</u> Defendant must answer truthfully the questions asked by his probation officer; and (5) <u>Special Condition</u> Defendant must pay a $100 special assessment. (Dkt. #260 at pp. 1–3, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On September 13, 2025, in Moss Point, Mississippi, Defendant committed the offense of Domestic Violence - Simple Assault (knowingly or recklessly causing bodily injury), in violation of Miss. Code Ann § 97-3-7(3), a misdemeanor offense. No arrest was made. The charge related to that incident, filed under Moss Point Municipal Court under Docket No. 228-475-1711, was dismissed on September 26, 2025, following a signed dismissal by the victim. According to the offense report, Defendant allegedly assaulted his girlfriend by dragging her out of a vehicle, pulling her hair, and placing his hands on her face during an altercation at their residence; (2) On November 22, 2025, in Moss Point, Mississippi, Defendant was charged by the Moss Point Police Department with Domestic Violence - Simple Assault (attempts by physical menace to put another in fear of imminent serious bodily harm), in violation of Miss. Code Ann. § 97-3-7(1)(c) and (3), a misdemeanor offense. No arrest was made. However, an arrest warrant has been issued, and remains pending in Jackson County, Mississippi as of the writing of the Petition. According to Moss Point Police Department Offense Report No. 2025-11-0136, it was alleged by the victim, Defendant's girlfriend and the mother of his child, that during an altercation at their residence, Defendant shoved her in the face

REPORT AND RECOMMENDATION – Page 2

and threatened to shoot her with a firearm; (3) On or about February 6, 2025, Defendant submitted a urine specimen at BES Group, a treatment provider utilized in the Southern District of Texas. The urine specimen tested positive for marijuana, and the results were confirmed through a laboratory analysis on February 14, 2025. On February 20, 2025, Defendant provided a written admission that he consumed two "gummies" that contained marijuana. On August 29, 2025, during a home visit at his approved residence, Defendant submitted a urine sample which tested positive for marijuana and amphetamine. Upon questioning, Defendant admitted to using both substances and subsequently signed an admission form stating such. On October 21, 2025, during a home visit at Defendant's approved residence, Defendant submitted a urine sample which tested positive for marijuana. Upon questioning, Defendant admitted to using marijuana and signed an admission form stating such; (4) On September 13, 2025, when questioned by his U.S. Probation Officer regarding a Simple Assault – Domestic Violence incident (reference Moss Point Police Department report number 2025-09-0099), Defendant falsely stated the victim was his cousin. It was later determined that the victim was in fact his girlfriend and pregnant with his child at the time of the incident. As such, Defendant was not truthful with the probation officer; and (5) On June 7, 2023, Defendant was ordered to make a lump sum payment of $100 for the mandatory special assessment. As of the writing of the Petition, Defendant only made one payment toward the mandatory special assessment, a $25 payment on December 6, 2023. As of the writing of the Petition, the current outstanding balance was $75. (Dkt. #260 at pp. 1–3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegation 3 in the Petition. Having considered the Petition and the plea of true to allegation 3, the court finds that Defendant did violate his conditions of supervised release.

The Government moved to dismiss allegations 1, 2, 4, and 5 in the Petition.

REPORT AND RECOMMENDATION – Page 3

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

### RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of eight (8) months with no term of supervised release to follow.

The court further recommends that the Government's motion to dismiss allegations 1, 2, 4, and 5 be granted.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 16th day of April, 2026.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE